Rollins, J.
The plaintiff, in this- action of contract, seeks to recover from the defendant the sum of $121 for “rent,” of premises occupied by the defendant in a house owned by the plaintiff situated in the city of New Bedford.
The action was begun by writ dated April 7, 1945. The rent sought to be recovered by this action is for the interval between September 2,1944 and February 17,1945, a period of twenty-two weeks, which, at a rental of $5.50 a week, amounts to $121.
The defendant’s answer is a general denial, res adjudicata and failure of the plaintiff to give, or tender, rent receipts *232 as required by the provisions of Section 1388.287 of Maximum Bent Regulation No. 53 of the- Office of Price Administration, popularly called the O. P. A., of the- United States Government.
The only -evidence -disclosed by the Report is found in a Finding of Facts filed by the tri-al justice. Because of its length this Finding of Facts is not herein fully set forth. The pertinent parts thereof are as follows:
Prior to -the commencement of this action 'the plaintiff had brought -against the defendant four actions of summary process for the recovery of possession of the same- premises, for the use and occupation of which the plaintiff in this action seeks to recover rent.
In two of these actions of -Summary Process, Nos. 14229 and 15007 no judgment has been entered and they are still pending. In the remaining two, Nos. 14608 and 14843 judgment was entered for the defendant.
In connection with the judgment in action No. 14608, the tri-al court found the action was brought because of the non payment of rent for the period of September 2' to 16, 1944 and ‘ ‘ that after trial judgment was ordered for the defendant . . . and that a memorandum was made referring to Section 1388.287 of the Maximum Rent Regulations.”
In respect to Summary Process action No-. 14843 -the trial judge found the -action was brought for non payment of rent for the period from September 2 to- November 25,1944 and “after trial judgment was ordered for the defendant . . . and ... a memorandum Was filed in which it was found that no rent receipts had been tendered for the- -amount of rent to. be paid as provided in said section -of the Maximum Rent Regulations above mentioned. ’ ’
The trial judge also- made the following findings of fact:
*233 “I find that in Jane, 1944, the defendant sent money orders for the rent but they were refused and returned to the defendant. I find that the defendant attempted to pay the rent when due but did not find the plaintiff at home and that he left notes under .the door of the plaintiff asking her to call for the rent and bring receipts therefor. I find the plaintiff never did as requested. I find that at the trial of case No. 14843 . . . the defendant from the witness stand offered to pay all rent due up to the date of trial on January 4, 1945 . . . but the offer was refused. ... I find that no rent receipts have been tendered by the plaintiff for any of the items claimed as provided by Section 1388.287 of the Maximum Rent Regulations. I find that at the two former trials between the parties the plaintiff and the defendant testified relative to the subject matter and the issues raised in this action and as to the amount of rent-due at those times. ”
At the close of the trial the plaintiff filed eighteen requests for ruling's and the defendant filed five.
The Court found for the defendant.
The plaintiff claiming to be aggrieved by the Court’s denial of certain of his requests and allowance of some requests of the defendant, and the Court’s finding for the defendant, -the case is reported to 'this Appellate Division for determination.
The Emergency Price Control Act of 1942 and the Maximum Rent Regulation No. 53 made thereunder, hereinafter called the “Regulations” are constitutional, valid and enforceable by the District Courts of Massachusetts. Schaffer, et al. v. Leimberg, Administrator of the Office of Price Administration, intervener, Mass Adv. Sheets 1945, page 811. The County of Bristol in which the City of New Bed-ford is .situated is within the area covered by said Regulations. Maximum Rent Regulations No. 53, 1388.29.
*234 Regulation No. 53 is as follows: “No payment otf rent need ¡be made unless the landlord tenders a receipt for the amount to be paid. ’ ’
We believe this section to be a vital part of the Regulations.
One of the most important purposes of the' Regulations is to establish and maintain celling prices for the rent of housing accommodations.
With this purpose in view it clearly appears that the “rent receipts” may constitute important and vital evidence as to whether or not the regulations as to ceiling prices have been complied with or have been violated.
For instance such rent receipts would be evidence of a controlling nature in a suit brought by a tenant alleging he had been charged by the landlord more than the maximum rent. The action of Schaffer, et al. vs. Leimberg, supra, was a suit of this nature.
The trial Court having found as a fact that prior to the bringing of this action the landlord had never tendered a receipt or receipts for the rent to be paid, but had repeatedly and consistently refused and neglected so to do, the plaintiff cannot recover.
It is true that the rent here sought to be recovered is for the period from September 2, 1944 to February 17, 1945, while the last occasion on which the plaintiff specifically refused to give or tender a rent receipt was on January 4, 1945.
The plaintiff, however, has never given or tendered any rent receipt for the rent due from January 4 to February 17, 1945. He could have done so. In absence of any such 'tender his continuing neglect or refusal will be implied. He has not complied with the provisions of Section 1388.287 in respect to any of the rent claimed in this action to be due him.
*235 In view of the foregoing it is unnecessary to decide whether the decisions in the two ejectment cases constitute “res ad judicata.”
There was no prejudicial error.
The Order must be Report dismissed.